THE STATE v. FOX, *Appellant.*

Division Two, November 20, 1896.

Criminal Law : REMOVAL AND SALE OF DEAD BODIES: STATUTE. Where,
on the trial of one indicted, under Revised Statutes, 1889, section 3842,
for having disinterred and removed a dead body for the purpose of
selling it the evidence, although showing the disinterment, fails to
disclose any intention of selling it, a conviction can not be sustained.

*Appeal from Linn Circuit Court.*—HON. W. W. Rucker,
Judge.

REVERSED AND REMANDED.

*Benj. L. White* and *A. W. Mullins* for appellant.

(1) The evidence is insufficient to support the
verdict of the jury and the judgment of the court. *State
v. Gibson,* 108 Mo. 575; *State v. Brinkman,* 40 Mo.
App. 284; *State v. Hunt,* 91 Mo. 490; *State v. Castor,*
93 Mo. 242; *State v. Daubert,* 42 Mo. 242; *State v.
Mansfield,* 41 Mo. 470; *State v. Marshall,* 47 Mo. 378;
*State v. Primm,* 98 Mo. 368; *State v. Packwood,* 26 Mo.
340; *State v. Jaeger,* 66 Mo. 173.   (2) The court com-
mitted manifest error in admitting the evidence of
Robert Smith and others in regard to a trunk found in
the northern part of Marceline, about March 20, 1895,
and in refusing to strike out the evidence of said
Smith.   Wharton's Criminal Law [8 Ed.], sec. 29; 1
Greenleaf, Evid., secs. 50, 51, 52; *Eddy v. Baldwin,* 32
Mo. 369.   (3) The argument of one of the counsel
for the state, shown by the record, was highly im-
proper and the ruling of the court on defendant's ob-
jections thereto erroneous and greatly prejudicial to
defendant.   Thus an argument, aside from the evi-

dence and so conceded by the court, and on a vital point in the case, did not incur the displeasure of the court, but on the contrary, by implication at least, received its sanction and approval. *State v. Woolard*, 111 Mo. 248; *State v. Lee*, 66 Mo. 165; *State v. Jackson*, 95 Mo. 623; *State v. Ulrich*, 110 Mo. 350.

*R. F. Walker*, attorney general, and *Morton Jourdan*, assistant attorney general, for the state.

(1) It can not be contended that there was such a total failure of proof as to authorize the interference of this court with the judgment after the jury and the trial court had found the guilt of the defendant proven beyond a reasonable doubt. It is only where there is a total failure of proof that this court will interfere. *State v. Fischer*, 124 Mo. 462; *State v. Punshon*, 124 Mo. 448; *State v. Banks*, 118 Mo. 117. (2) The court properly admitted the testimony of Robert Smith and the other witness who testified in reference to the trunk found in the pasture in the northern part of Marceline. This testimony, together with the fact that a similar trunk was seen in the possession of the defendant, tended very strongly to show that it was the same trunk that was in the possession of the defendant, in which he had kept the body of the deceased and evidently for the purpose of shipment and sale. It was a fact and circumstance for the jury to consider in the light of all the other testimony. (3) Complaint is made of the argument of Mr. Brisnehen in which he stated "that the defendant got the body for the purpose of shipping it off to market." This statement was warranted, was proved by the facts as shown in the testimony, and was not improper.

BURGESS, J.—At the April term, 1895, of the circuit court of Chariton county, defendant was indicted

and charged with disinterring and removing the dead body of Leona Gates.

The indictment contained three counts, and aside from its formal parts is as follows:

"The grand jurors for the state of Missouri, chosen, selected and summoned from the body of the county of Chariton, in the state of Missouri, and impaneled, sworn, and charged to inquire within and for the body of the said county of Chariton, upon their oath do charge and present that one James R. Fox, on or about the seventh day of March, A. D. 1895, at the county of Chariton, in the state of Missouri, did then and there unlawfully and feloniously dig up and disinter and remove the dead body and remains of one Leona Gates, deceased, from the grave in which said body and remains had before been interred, and then and there was, for the purpose of selling the said dead body and remains, against the peace and dignity of the state.

"And the grand jurors aforesaid, upon their oaths aforesaid, do further present and charge that one James R. Fox, on or about the twelfth day of March, A. D. 1895, at the county of Chariton in the state of Missouri, did then and there unlawfully and feloniously dig up, disinter, and remove the dead body and remains of a human being, to wit, the dead body and remains of one Leona Gates, from the grave in which the said dead body and remains had then before been interred, and then and there was, for the purpose of dissection and surgical and anatomical experiment and preparation of said dead body and remains, against the peace and dignity of the state.

"And the grand jurors aforesaid, upon their oaths aforesaid, do further charge and present that the said James R. Fox, on or about the twelfth day of March, A. D. 1895, at and in the county of Chariton, in the state of

Missouri, did then and there unlawfully and feloniously dig up and disinter and remove the dead body and remains of a human being, to wit, the dead body and remains of one Leona Gates, deceased, from the grave in which the said body and remains had then before been interred, and then and there was, from mere wantonness and mischief, against the peace and dignity of the state.''

At the same term the defendant applied for a change of venue, which was granted, and the cause ordered transferred to the Linn circuit court.

A demurrer was subsequently sustained to the second count in the indictment, and, upon a trial had, defendant was convicted on the first count, and his punishment fixed at three years' imprisonment in the penitentiary. From the judgment and sentence defendant appealed.

The grounds insisted upon for a reversal of the judgment are, want of evidence to support the verdict, the admission of illegal and improper evidence on the part of the state, and improper remarks of the attorney representing the state, in addressing the jury. Of these in their order.

The evidence showed that on the tenth day of March, 1895, one Leona Gates was buried in a grave-yard in Chariton county five or six miles southeast from the city of Marceline, and that, on the night following, the defendant and one James Woods disinterred and removed from the grave her remains, and conveyed the same in a buggy to said city. Defendant and one Martin were at that time engaged in the sale of drugs and medicines in said city, and when defendant and Woods arrived there with the remains they drove up by the side of the storehouse for the purpose of placing the remains therein, but they discovered that they were being watched and drove to the place of residence of defend-

ant and deposited the corpse in his woodshed, from whence it was removed the same night by defendant and placed in the drug store of which he was part owner. A few · days thereafter the corpse was found buried in a box in a pile of sand about three or four miles north, and one mile west, of Marceline. On March 20, what was called by witnesses a drummer's trunk was found in the north of Marceline, which was bloody on the inside, and what was thought to be the hair of a woman was found sticking to the inside of it. An odor emitted from this trunk which a witness by the name of Smith testified was in his opinion from that of a corpse. It was also shown that a trunk similar to this had been seen at defendant's drug store, and that there were on the one found some receivers' tags,—Kansas City, Union depot. The corpse was found upon information given by defendant.

Defendant was a medical student and attended medical colleges during the winter months of 1893 and 1894.

The *gravamen* of the offense for which defendant was convicted was the moving the dead body of Leona Gates from the place of interment for the purpose of selling the same, and not for any other purpose, for the count of the indictment under which he was convicted contained no other charge of a criminal character against him.

The statute (Revised Statutes, 1889, sec. 3842), under which the indictment was drawn provides that "every person who shall remove the dead body or remains of any human being from the grave or other place of interment or sepulture, for the purpose of *selling* the same, * * * shall be adjudged guilty of a felony," etc.

We have read with much care the evidence adduced by the state upon the trial of this cause and have

been unable to find any fact or circumstance to justify the verdict of the jury, or upon which it can be permitted to stand; there was no evidence whatever, when given a fair and impartial consideration, which tended to show that defendant disinterred the body for the purpose of selling it. On the contrary, it tended strongly to show that he procured it for the purpose of dissecting it. There was nothing tending to show that he had offered or contracted it for sale, that he had attempted or intended to ship it away from Marceline, or that it had even a marketable value, in the absence of all which there was no evidence of an intention to sell. While his conduct did not comport with the better instincts of the civilized race, and was of the most ghoulish character, and he may have been guilty of other offenses under the statute, he was not proven to be guilty of the offense for which he was convicted.

While this court has uniformly held that it will not reverse the judgment of a trial court, even in a criminal case, where there is any substantial evidence to support the verdict and judgment, it has as uniformly held that it will do so, where there is an entire want of evidence to support the verdict, as in this case.

As it follows from what has been said that the judgment must be reversed, it becomes unnecessary to pass upon the second point insisted upon by counsel for defendant, and as for the third and last point, the question was not raised in the motion for a new trial, and can not therefore be considered here. The judgment is reversed and cause remanded. All of this division concur.